48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 INTERPOOL LIMITED, Plaintiff-Appellee,
v.
E.C. YANG, Defendant,
and
Char Yigh Marine (Panama) S.A., Defendant-Appellant.
INTERPOOL LIMITED, Plaintiff-Appellant,
v.
CHAR CHING MARINE (H.K.) CO., LTD., Char Hsing Marine Co.,
Ltd.; E.C. Yang; Char An Marine (Panama) S.A.; Char Che
Marine (Panama) S.A.; Char Cherng Marine (Panama) S.A.;
Char Chun Marine (Panama) S.A.; Char Ning Marine (Panama)
S.A.; Char Fuh Marine (Panama) S.A.; Char Ho Hang Marine
(Panama) S.A.; Char Ho Hang Marine (Panama) S.A.; Char
Hoong Marine (Panama) S.A.; Char Hui Marine (Panama) S.A.;
Char Jin Marine (Panama) S.A.; Char Lian Marine (Panama)
S.A.; Char Lo Marine (Panama) S.A.; Char Ly Marine Char
Suo Marine (Panama) S.A.; Char Yeung Marine (Panama) S.A.;
Multi Carrier (Panama) S.A.; C.C. Line Holding, Ltd.
Defendants, and Char Yigh Marine (Panama) S.A., Defendant-Appellee.
 Nos. 92-55339, 92-55427.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1994.
Decided March 8, 1995.
 
 IN PART, VACATED IN PART.
 Before: WALLACE, CANBY, and TROTT, Circuit Judges.
 
 ORDER
 
 1
 The memorandum disposition filed in this case by the court on August 25, 1994 is ordered withdrawn.
 
 
 2
 MEMORANDUM*
 
 
 3
 This matter comes to us for the second time.[1] On this occasion, it returns from our order of remand in our opinion Interpool Ltd. v. Char Yigh Marine (Panama) S.A., 890 F.2d 1453 (9th Cir.1989). After an examination of the record and briefs of counsel, we hold that Judge Hill correctly determined that Char Yigh Marine (Panama) S.A. was without legal capacity. On November 22, 1991, Char Yigh acknowledged that no trustee was before the court (as Panamanian law requires). After dismissing Char Yigh as a defendant, Char Yigh filed as a third-party claimant. On a subsequent summary judgment ruling, Judge Hill held that Char Yigh lacked the capacity to sue as a third-party claimant. It is from this ruling that Char Yigh appeals, arguing that Interpool has waived the issue of capacity.
 
 
 4
 According to Federal Rules of Civil Procedure 9(a), capacity must be raised by "specific negative averment." Failure to raise a capacity defense can constitute waiver of that defense. See Summers v. Interstate Tractor and Equip. Co., 466 F.2d 42, 49-50 (9th Cir.1972). Legal capacity "generally does not affect the subject matter jurisdiction of the district court" and so it can be waived. Id. at 50. However, the issue of third-party claimant capacity did not arise in this case until after our Interpool decision, which established that Char Yigh was not the "true owner" of the vessel C.C. San Francisco for the purposes of this litigation. Interpool, 890 F.2d at 1460. Therefore, any failure to raise the issue prior to our Interpool decision is irrelevant. The only question is whether Interpool properly raised the issue after remand.
 
 
 5
 Interpool did raise the issue of whether Char Yigh had the legal capacity to sue as a third-party claimant in its reply memorandum on December 26, 1991. Char Yigh admits this much in its brief. [See Appellant's Opening Brief 37] No local rule of the Central District of California or federal rule forbids the district court from considering the capacity argument as raised, even if the district court might have ruled the issue waived. Certainly, the district court did not abuse its discretion by considering Char Yigh's legal capacity to sue as a third-party claimant. Therefore, Judge Hill's summary judgment filed on January 17, 1992, against Char Yigh is affirmed.[2]
 
 
 6
 On cross-appeal, Interpool appeals the district court's refusal to substitute SBG Leasing Co. (Hong Kong), Ltd. as real-party-in-interest third-party claimant pursuant to Rule 17(a) of the Federal Rules of Civil Procedure. We have examined this argument and find it wanting. Judge Hill's ruling was neither based on a misapprehension of the law, nor did it constitute an abuse of discretion. On its face, Rule 17(a) applies to plaintiffs, not defendants. See also Cal.Code of Civ.Pro. Sec. 720.510. Interpool sued a plethora of defendants; in the vernacular, everybody that appeared to have anything to do with this case. If Interpool had wished to proceed against SBG Leasing, it should have done so at the appropriate time and in the appropriate fashion rather than rely on a questionable construction of Rule 17(a) tendered at the eleventh hour in a lengthy series of proceedings.
 
 
 7
 Our holding in this respect moots Interpool's appeal from Judge Hill's denial of its request to increase the amount of security.
 
 
 8
 On the final issue of prejudgment interest, however, it appears that the district court overlooked language in the bond as well as the Letter of Undertaking. Because we cannot find sufficient support in the record for the proposition that prejudgment interest was waived, and because prejudgment interest is awarded in a case such as this as a matter of course, see Alkmeon Naviera, S.A. v. M/V Marina L, 633 F.2d 789 (9th Cir.1980), we vacate the district court's denial of prejudgment interest and remand for reconsideration on this issue.[3]
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.
 
 
 10
 The parties shall bear their own costs of this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 Char Yigh's Supplemental Facts on Rehearing are ordered filed
 
 
 [2]
 Char Yigh's Motion for Leave to File a Supplemental Legal Brief is Denied as untimely. Char Yigh's failure in its earlier submissions to predicate an argument, or to file a motion based on Fed.R.Civ.Pro. Sec. 25(c) constitutes a waiver of any such claim
 
 
 [3]
 We leave to the district court the interpretation of the bond's clause regarding interest